## Case No. 590.

### In re ASPINWALL.

[7 Ben. 154.][1]

District Court, S. D. New York. Feb., 1874.

RE-EXAMINATION OF CLAIMS—ORDERING OF ISSUES—POWER OF REGISTER.

1. An order was made by the register for the re-examination of the claims of certain creditors against the bankrupt's estate. Evidence having been taken under the order, the register, on the application of the creditors, made an order for the framing of an issue to be certified into court. On the return of the order, the register revoked it, on the motion of the creditors, on the ground that he had no authority to order the framing of issues, until it appeared from the examination before him that the claims should be expunged: *Held*, that, under General Order No. 34, the register had no

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

authority to require the parties to frame issues as to the re-examination of a claim, if either objects to framing such issue, until it appears to the register that the claim ought to be expunged or diminished; but may require them to frame an issue when the examination before him is completed, if neither of them objects;

2. That in this case, it was too late to revoke the order for issues, which had been made without objection, and the revocation should be vacated.

In bankruptcy. In this case the register certified to the court, that an application had been made for the re-examination of claims of the Phoenix National Bank and Richard Irvin & Co., against the estate in bankruptcy; that he made an order fixing a time for hearing the application, and, having taken the examination of the witnesses called by the parties, made an order, on the application of the bank and Richard Irvin & Co., requiring the framing of issues; and that, on the return of that order, on like motion, he revoked the order, as inadvertently made, on the ground that he had not authority to make it, unless it appeared, from the examination before him, that the claims ought to be expunged or diminished.

BLATCHFORD, District Judge. I think, that, under General Order No. 34, [see note at end of case,] the register has no authority to require the parties to form an issue, if either of them objects to forming such issue until it appears to the register that the claim ought to be expunged or diminished, and until objection is then made to his making an order to that effect. He may require them to form an issue, if neither of them objects to forming such issue, at any time after the examination is completed, and may certify such issue for determination. In the present case, the motion for the order for issues was made by the Phoenix National Bank and Richard Irvin & Company, the same parties on whose motion the order was revoked. The other parties, as appears, not only did not object to making the order for issues, but object to its revocation. I think it is too late to revoke the order, and that its revocation should be vacated, and the parties be required to form issues under it.

[NOTE. General Order No. 34 provides, inter alia, as follows: "When the assignee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may apply by petition to the register to whom the cause is referred, for an order for such re-examination; and thereupon the register shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail, addressed to the creditor. At the time appointed, the register shall take the examination of the creditor and of any witnesses that may be called by either party; and, if it shall appear from such examination that the claim ought to be expunged or diminished, the register, if no objection be made, may order accordingly. If objection be made, the register shall require the parties then, or within a time to be fixed for that purpose, to form an issue to be certified into court for determination." See Gazz. Bankr. 374.]